Mitchell *vs.* Mitchell.—1843.

HENRY S. MITCHELL A. D. B. N. OF JAMES D. MITCHELL *vs.* ANN M. MITCHELL, ADM'X OF JOSEPH T. MITCHELL. *December* 1843.

The security of an administrator may, under circumstances, become a competent witness for his principal to maintain an action of law to recover money due the intestaet's estate ; although at one period the administrator may have been guilty of a *devastavit* in relation to the same claim.

As where from lapse of time, after due notice having been given under the testamentary act to creditors to assert their claims, they are presumed to have been satisfied and none appeared to exist, and where the sole distributee of the deceased had released both the administrator and sureties from all claims, this obviates all objection on the ground of liability on the surety for the omission of the administrator.

Where a bill of exceptions is sealed, the truth of the facts contained in it, can never afterwards be disputed.

A release to an administrator and his sureties may be legally recorded in the orphans court of the county where letters of administration were granted, and a copy certified by the Register of Wills of the same county is competent evidence.

An administrator in his settlement with a distributee may assign the choses in action of his intestate by parol.

The Register of Wills is authorised and bound to record administration accounts proved and passed, and a copy under his official seal is competent evidence.

Where letters of administration were granted in 1830, and an order of court notifying creditors to bring in their claims obtained and published in 1831, and an account proved and passed in 1832, by which it appeared that a number of creditors had been paid, *it was held* in 1842, no unsatisfied creditors appearing in proof, that all the creditors of the estate were paid and discharged.

The act of 1828, ch. 165, which authorises the taking of testimony in civil cases, before commissioners to be appointed by the county courts, manifestly contemplates a case where both the plaintiff and defendant are in existence and actually parties to the litigation upon the record at the time the notice

is given by the commissioners, and the deposition taken in pursuance thereof.

So where a defendant is dead, and no new party having been made, a deposition taken is without authority under that act.

Where commissioners are appointed under an Act of Assembly by the courts to take proof between parties, no rule of court can transfer powers to the commissioners, designed by the act to be exercised by the courts or the judges thereof.

Acts of Assembly made relative to the administration of justice are to be liberally construed for the attainment of that important object.

It is the province of courts of justice to expound laws and not to legislate.

APPEAL from *Charles* County Court.

This was an action of Assumpsit, brought by the appellee against *James D. Mitchell* on the 22nd July 1833. Pending the action *J. D. M.* died, and his executrix *Elizabeth A. Mitchell* (who also died,) and the present appellant were successively made parties to the case. The defendants pleaded nonassumpsit and limitations on which pleas issues were joined.

Before the trial the parties filed the following agreement:

It is agreed in this cause that the attendance, in person, of *William Carmichael*, a witness on the part of the defendant, may be dispensed with at the trial of this cause, whenever the same may take place, and that in lieu thereof, certain letters from the said *Carmichael* to the late *James D. Mitchell* and *Joseph T. Mitchell*, on the subject of a receipt by him, and the payment over of certain moneys by him collected, to a certain *Joseph T. Mitchell*, on the order of said *James D. Mitchell*, may be used and read as evidence in the cause at the trial thereof. It is further agreed, that the plaintiff, as administratrix of *Joseph T. Mitchell*, give the necessary and usual notice required by law for creditors to present their claims against the estate of said *Joseph T. Mitchell*, and that the same was published in the *Kent Enquirer*, a newspaper published in *Kent* county, for the time and in the manner as the law directs, the evidence of which may be received from the paper herewith filed, marked exhibit A. It is further admitted, that the personal estate of *Joseph T. Mitchell*, was more than solvent, and that a large residuum was left for distribution among the rep-

resentatives and heirs at law, after the payment of all debts, which were presented for payment. The above letters are to be made subject to all legal exceptions as to their admissibility or competency, other than those now waived by this agreement.

THOMAS F. BOWIE, for Defendant.

WILLIAM L. BRENT, for Plaintiff.

EXHIBIT A—referred to in the aforegoing agreement:.

MARYLAND, *Kent County Orphans Court.*

*November* 30, 1830. On application of *Ann M. Mitchell,* administratrix of *Joseph T. Mitchell,* late of *Kent* county, deceased, it is ordered, that she give the notice required by law for creditors to exhibit their claims against the said deceased's estate, and that the same be published once in each week for the space of three successive weeks, in the *Enquirer,* printed in *Chestertown.*

In testimony that the foregoing is truly copied from the minutes of the proceedings of the orphans court of the county (Seal.) aforesaid, I have hereto set my hand and the seal of my office affixed, this 30th day of November, 1830.

Test,—F. WILSON, *Register of Wills for Kent County.*

In compliance with the above order, this is to give notice, that the subscriber, of *Kent* county, hath obtained from the orphans court of *Kent* county, in *Maryland,* letters of administration on the personal estate of *Joseph T. Mitchell,* late of *Kent* county, deceased. All persons having claims against the said deceased's estate, are hereby warned to exhibit the same with vouchers thereof, to the subscriber, at or before the 30th day of May next, they may otherwise by law be excluded from all benefits of the said estate. Given under my hand, this 30th day of November, 1830.          ANN M. MITCHELL,

*December* 3.          *Adm'x of Joseph T. Mitchell, deceased.*

LETTERS referred to in the aforegoing agreement:

CENTREVILLE, 26*th March,* 1828.

*Dear Sir,*—Your uncle, *Joseph Mitchell,* spoke to me when I was last in *Kent* county, as if he had supposed you had given me instructions to proceed by execution against *Gerald Cour-*

*sey.* As I have received no instructions from you on this subject, I beg you will give me directions. *G. Coursey* paid me last fall $1,000, of which I paid $950 by your order, to *Mr. Joseph T. Mitchell.*

I think it right to say to you on this subject, that I believe *G. Coursey*, by some indulgence, will pay your debt and save his property, but from the entire depressed state of the country, his property would now be sacrificed if sold by the sheriff, but being your agent in this business, I will promptly execute any orders you may send. I remain, very respectfully, yours,

WM. CARMICHAEL.

JAMES D. MITCHELL *Dr.* to WM. CARMICHAEL.

| | | |
|---|---|---:|
| 1828. Jan. 5, To cash p'd Jos. T. Mitchell by your order | | $950 |
| Dec. 19, To ditto paid ditto per ditto | | 950 |
| To commission on $2000, at 5 per cent. | | 100 |
| | | $2,000 |

*Contra.*

| | | | | | |
|---|---|---|---|---|---:|
| 1827. Nov. 24, By cash from G. Coursey on judgments | | | | | $1,000 |
| 1828. Dec. 9, By ditto from do. on do. | | | | | 1,000 |
| | | | | | $2,000 |

CENTREVILLE, 29th *April*, 1829.

*Dear Sir,*—I this day received yours of the 24th, and send you an extract from my books by which you will see the amount of monies received from *G. Coursey* and paid over to *Mr. Joseph T. Mitchell.* I am, respectfully, yours,

WM. CARMICHAEL.

CENTREVILLE, 17th *November*, 1830.

*Dear Sir,*—Pressing engagements and absence from home have prevented me from giving an earlier answer to yours of the 27th ultimo. I subjoin an account taken from my books, by which you will see the monies received and paid over to your uncle. After my last payment to him, I wrote him that a balance was due me from your father, which I neglected to deduct, and requested him to retain the same in his hands, but did not

hear from him afterwards. This balance you can settle at your convenience. I am, respectfully, yours,

WM. CARMICHAEL.

JAMES D. MITCHELL Dr. to WM. CARMICHAEL.

| | | | | | |
|---|---|---|---|---|---|
| 1828. Jan. 5, To cash paid Joseph T. Mitchell, per your order | | | | $950 | 00 |
| Dec. 19, To | do. | do. | per do. | 950 | 00 |
| 1829. Oct. 15, To | do. | do. | per do. | 950 | 00 |
| 1830. Ap'r 27, To | do. | do. | per do. | 300 | 00 |
| To | do. | do. by check on Bank of Baltimore | | 384 | 32 |
| To costs of three suits | | | | 19 | 50 |
| To commission, at 5 per cent. | | | | 187 | 01 |
| | | | | $3,740 | 83 |

<em>Contra.</em>

| | | | |
|---|---|---|---|
| 1827. Nov. 24, By cash from G. Coursey on judg'ts | $1,000 | 00 |
| 1828. Dec. 8, By do. from do. | 1,000 | 00 |
| 1829. Sept. 12, By do. from do. | 1,000 | 00 |
| 1830. April 8, By do. from do. balance of jud'ts | 720 | 72 |
| By costs of three suits | 19 | 50 |
| | $3,740 | 22 |

E. E.                WM. CARMICHAEL.

No. 7, referred to in the aforegoing agreement:

RICHARD HALL, use of James D. Mitchell, ex'r of France, vs. GERLAND COURSEY. Judgments, &c.

| | | |
|---|---|---|
| Amounts of debt - - - | $1,337 | 50 |
| Interest on same from 1st Jan. 1823 to 1st Jan. 1825 | 168 | 50 |
| | 1,498 | 00 |
| Int. paid as per endorsement on bonds, | 175 | 57 |
| | 1,322 | 43 |
| Interest on same to 24th November 1827 | 150 | 75 |

Same, executor of same, vs. Same. Judgments.

| | | |
|---|---|---|
| Amount of debt - - - | 1,337 | 50 |
| Interest on same from 1st January 1823 to 24th November 1827, (393.33) - - | 394 | 71 |

Mitchell *vs.* Mitchell.—1843.

Same, executor of same *vs.* Same.   Judgments.

| | | |
|---|---|---|
| Amount of debt - - - | 368 | 87 |
| Interest on same from 1st Jan. 1823 to 24th Nov. 1824 | 108 | 75 |
| | 3,683 | 01 |
| Then paid W. C., attorney - - - | 1,000 | 00 |
| | 2,683 | 01 |
| Interest on same to 8th December 1828 | 166 | 64 |
| | 2,849 | 65 |
| Then paid W. C., attorney - - - | 1,000 | 00 |
| | 1,849 | 65 |
| Interest on same to 20th December 1828 | 3 | 69½ |
| | 1,853 | 34½ |
| Credit then allowed by Joseph T. Mitchell | 225 | 15 |
| | 1,628 | 19½ |
| Interest on same to 12th September 1829 | 68 | 52 |
| | 1,696 | 71½ |
| Then paid W. C., attorney - - - | 1,000 | 00 |
| | 696 | 71½ |
| Interest on same to 8th April 1830 | 24 | 01 |
| Costs of judgments - - - | 6 | 55 |
| Costs of do. - - - - | 6 | 55 |
| Costs of do. - - - | 6 | 40 |
| | $740 | 22½ |

E. E.                    Wm. Carmichael.

*Amount received by William Carmichael as by above statements:*

| | | |
|---|---|---|
| 1827. Nov. 24, Cash - - - | $1,000 | 00 |
| 1828. Dec. 8, do. - - - - | 1,000 | 00 |
| 1829. Sept. 12, do. - - - | 1,000 | 00 |
| 1830. April 17, Paid W. C., by cash deposited in Bank of Baltimore, the 8th | 740 | 22 |
| | $3,740 | 22 |

Mitchell *vs.* Mitchell.—1843.

*Contra.*

1828. Jan.  5, Cash p'd Jos.T. Mitchell by your order $950 00
1828. Dec.  9, To          do.          by   do.          950 00
1829. Oct. 15, To          do.          by   do.          950 00
1830. Ap'l 27, To          do.          by   do..         684 32
                 To commission on $3,740.22, at 5 pr.ct. 185 01
                 To costs of suit on three judgments       19 50

                                              $3,738 83

                                 CENTREVILLE, April 30, 1830.

*Dear Sir,*—According to my promise, I now send you a statement of the money collected from *Mr. G. Coursey.* I have an unsettled account with *Mr. James D. Mitchell* on account of business transacted for his father; the balance due me is between $60 and $70. I intended to have retained to this amount, and to have rendered him an account, but it escaped me in the hurry of the moment, and as it is inconvenient for me to transact business with *Mr. Mitchell,* I beg you to have the goodness to reserve that sum for me, as I will render Mr. M. the accounts.

I have thought on *Williamson's* business since you left me. I have a judgment against him but not against you, and could only due the replevin bond. There are several cases, and it would greatly increase costs, but I must be governed in this by your determination.    I remain respectfully yours,

                                 WM. CARMICHÆL.

1ST EXCEPTION. At the trial of this cause, the plaintiff to support issues on her part joined, offered in evidence to the jury the several promissory notes, and the due bill set forth in the declaration, and proved the same to have been signed in the proper hand-writing of *James D. Mitchell,* the defendant's testator, and also proved the hand-writing of *James W. Mitchell* on the notes of 23rd Nov. 1820; but offered no evidence of the hand-writing of *Elizabeth Mitchell,* by whom the said due bill purports to have been assigned.

$1,030. Six months after date, I promise to pay to Joseph T. Mitchell, or order, negotiable at the Bank of Maryland, one thousand and thirty dollars, for value received, this 20th October 1828. JAMES D. MITCHELL.

$1,220. On the 8th July next, I promise to pay to Joseph T. Mitchell, or order, negotiable at the Bank of Maryland, twelve hundred and twenty dollars, for value received.

*Baltimore, 20th October* 1828. JAMES D. MITCHELL.

$200. *Baltimore, 23rd November* 1829. On the first day of October 1830, I promise to pay to the order of James W. Mitchell, two hundred dollars, for value received.

JAMES D. MITCHELL.

On the back of the aforegoing promissory note is thus written, to wit, James W. Mitchell.

$200. *Baltimore, 23rd November* 1829. On the first day of June 1830, I promise to pay to the order of James W. Mitchell, two hundred dollars, for value received.

JAMES D. MITCHELL.

On the back of the aforegoing promissory note is thus written, to wit, James W. Mitchell.

And then, for the purpose of maintaining the issues joined on her part on the second and third pleas, on the pleas of limitations, and for the purpose of proving an acknowledgment of the said *James D. Mitchell*, within three years before the present suit was brought, of his indebtedness on said notes, and also to prove the hand-writing of *Elizabeth Mitchell*, to the assignment of the said bill, offered to swear to the jury *William L. Brent*, but the defendant produced an authenticated copy of the administration bond of the plaintiff on *Joseph T. Mitchell's* estate, dated 30th November 1830. Certified to be a true copy of the administration bond given by *Ann M. Mitchell*, administratrix of *Joseph T. Mitchell*, as taken from the original bond now on file in his office, by the Register of Wills of *Kent* county. And proved that the said *William L. Brent* was one of the plaintiff's sureties in said bond, and objected to the competency of said witness, on the ground that he was liable

for any *devastavit* which the plaintiff might have committed in' the administration of said estate as the plaintiff's surety, and' that under the circumstances of this case, and in the present cause, said witness had an interest in the result of this suit. This objection on the part of defendant to the competency of said witness, the court sustained, and thereupon, the plaintiff, for the purpose of showing that said witness was competent to give the testimony for which he was called, produced the' following papers, to wit, the administration account of *Ann M. Mitchell* on *Joseph T. Mitchell's* estate, passed and sworn to on the 12th of May 1832, which showed a balance due the estate, consisting of negroes not divided $2,812, and which was also certified to be a true copy taken from the records of his office, by the Register of Wills for *Kent* county, under his official seal.

And also read the agreement and exhibits in this cause, filed 21st August 1841. See ante.

And also a certified copy of the release of *Joseph T. Mitchell, Jr.,* the sole heir at law of *Joseph T. Mitchell,* who is admitted to have been of full age, and also the original release:

MARYLAND, *Kent County, Sct.* I hereby certify, that it appears from an administration account, passed by *Anna M. Mitchell,* administratrix of *Joseph T. Mitchell,* late of *Kent* county, on the 12th May 1832, that after the payment of all just debts and claims due and owing by the said *Joseph T. Mitchell,* that there was a considerable balance due the estate, amounting to the sum of $2,812, and consisting of negroes undivided; and I also certify, that on the 1st May 1838, *Joseph T. Mitchell,* the sole child and heir at law of the said *Joseph T. Mitchell,* deceased, appeared in open court, in the orphans court of the said *Kent* county, and the said court being satisfied that he was of legal age, filed, to be recorded in my office, a release in the following words and figures, and which was accordingly recorded by order of the said court: Whereas, a settlement has taken place between my mother, *Mrs. Anna M. Mitchell,* as administratrix of my deceased father, *Joseph T. Mitchell,* and as my acting guardian, and I

have received from her full possession of my estate, real, personal and mixed, it is my desire to place on record, the evidence of such full settlement and a full discharge of her sureties; this therefore is to certify, that I do acknowledge the receipt in full of all the share or portion of my said deceased father's estate, to which I am entitled, and I do hereby release, acquit and discharge the said *Ann M. Mitchell*, and her sureties, and her and their executors or administrators, of and from all claim and demand therefor. Given under my hand and seal, this first day of May, eighteen hundred and thirty-eight. JOSEPH T. MITCHELL, (Seal.)
Witness,—*Samuel Covington.*

MARYLAND, *Kent county, Sct.* Be it remembered, that on this first day of May, eighteen hundred and thirty-eight, before me the subscriber, a justice of the peace of the State of *Maryland* for *Kent* county, personally appeared the within named *Joseph T. Mitchell,* and acknowledged the foregoing receipt and release as his act and deed, and to be discharged for the purposes therein mentioned. Acknowledged before,
SAMUEL COVINGTON.
I hereby certify, that the above is a true copy of the original release, now on record in my office. In testimony (Seal.) whereof, I have hereto subscribed my name and affixed the public seal of my office, this 11th day of August, 1841. JAMES F. BROWNE,
*Register of Wills for Kent County, Md.*

Whereas, a settlement has taken place between my mother, *Mrs. Ann M. Mitchell,* as administratrix of my deceased father, *Joseph T. Mitchell,* and as my acting guardian, and I have received from her full possession of my estate, real, personal and mixed, and it is my desire to place on record the evidence of such full settlement, and a full discharge of her sureties; this therefore is to certify, that I do acknowledge the receipt in full of all the share or portion of my said deceased father's estate, to which I am entitled, and I do hereby release, acquit and discharge the said *Anna M. Mitchell,* and her sureties, and her and their heirs, executors or administrators, of and from

all claim and demand therefor.   Given under my hand and
seal, this first day of May, eighteen hundred and thirty-eight.

JOSEPH T. MITCHELL, (Seal.)
Witness,—*Samuel Covington.*

On the back of the aforegoing is thus endorsed: "Filed
May 1st, 1838.   Recorded in Liber B book, vouchers No. 5,
folio 328.                 J. F. BROWNE, *Register Wills.*"

And also the following assignment of the plaintiff, of the
choses in action in the present suit, to the said *Joseph T.
Mitchell, Jr.*

*Know all men by these presents,* That I, *Ann M. Mitchell,*
administratrix of all and singular the goods and chattels, &c.,
of my late husband, *Joseph T. Mitchell,* having paid all the
creditors of the said, the late *Joseph T. Mitchell,* do hereby
assign, transfer and set-over to *Joseph T. Mitchell,* the sole
child and distributee of my said husband, deceased, by way
of distribution, all the choses in action and evidences of debt,
filed in the *Charles* county court of the State of *Maryland,* in
a suit brought by me, as administratrix of the said *Joseph T.
Mitchell,* deceased, against *James D. Mitchell,* and now pend-
ing against the executrix (or administratrix,) of the said *James
D. Mitchell.*   Witness my hand and seal, this 17th day of
August, 1831.          ANN M. MITCHELL, (Seal.)

From which said papers, and the facts in evidence as afore-
said, the said plaintiff contended and insisted before court, that
the said witness was released from all liability on said bond,
and that he was in consequence of said release, a competent
witness in the present suit, which opinion the court, (C. DOR-
SEY, A. J.) gave, and permitted the said witness to be sworn
to the jury for the purpose aforesaid; to which opinion of the
court, and to their permitting the said witness to be sworn to
the jury as a competent witness in this cause, the defendant
excepted.

2ND EXCEPTION.  In addition to the evidence in the previous
bills of exceptions, which is made a part of this, the defendant
in support of the issues on his part joined, gave in evidence

to the jury, that *Elizabeth Mitchell*, the administratrix of *James D. Mitchell*, who was a party to this suit previous to her death, departed this life during August court eighteen hundred and forty-one; then gave in evidence to the jury, that letters of administration *de bonis non* was granted by the orphans court court of *Charles* county to defendant, on the 14th September, 1841; and then offered to read in evidence to the jury the deposition of *Richard B. Mitchell*, as follows:

At the request of *Henry S. Mitchell*, the following notice and deposition was recorded this 23rd day of March, Anno Domini 1842.

*To Mrs. Ann M. Mitchell, or her attorney:*

You will please take notice, that I shall on the 25th day of the present month, between the hours of 10 o'clock A. M. and 2 o'clock P. M. of the same day, at *Myrtle Grove*, the residence of *Mr. Henry S. Mitchell*, in *Charles* county, *Maryland*, at the request of said *Henry S. Mitchell*, then and there proceed to take the deposition of *Mr. Richard B. Mitchell*, who is now dangerously ill at said place, and not expected to live, to be read as evidence in the trial of the cause now depending in *Charles* county court, in which *Ann M. Mitchell*, administratrix of *Joseph T. Mitchell*, is plaintiff, and *Elizabeth A. Mitchell*, executrix of *James D. Mitchell*, is defendant.

*January 24th* 1842.      JAMES BRAWNER, *Commissioner.*

Service admitted this 24th day of January, at ½ past 4 o'clk P. M., for what it is worth.      WM. L. BRENT,

*At Washington city, District Columbia.*

ANN M. MITCHELL, Adm'x of J. T. Mitchell, *vs.* E. A. MIT-CHELL, Ex'x of J. D. Mitchell. Interrogatories to *R. B. Mitchell*, on the part of the defendant.

Interrogatory 1st, 2nd and 3rd.

CHARLES COUNTY, *Sct.* At the instance of *Mr. Henry S. Mitchell*, the undersigned, a commissioner appointed by the Honorable the judges of this court, under an act of Assembly passed at December session 1828, ch. 165, in accordance with a previous notice served on *William L. Brent, Esq.*, attorney for *Mrs. Ann M. Mitchell*, as will appear by reference to said

within notice, herewith returned, did attend at *Myrtle Grove*, the residence of *Mr. Henry S. Mitchell*, on the 25th January 1842, between the hours of 10 o'clock A. M. and 2 oclock P. M., and proceeded to take the deposition of *Mr. Richard B. Mitchell*, who being sworn on the Holy Evangely of Almighty God, to the interrogatories propounded, answers as follows:

To the first interrogatory, yes.    2nd and 3rd, &c.

Taken and subscribed by me,

JAMES BRAWNER, *Commissioner.*

Taken by *James Brawner*, a commissioner appointed and duly qualified by the judges of *Charles* county court, to take depositions, in pursuance of the Act of Assembly passed at December session 1828.

The plaintiff then gave in evidence to the court, that said *Richard B. Mitchell* died on the 26th January 1842, and that he was expected to die for a week previous to the taking of said deposition. The plaintiff then gave in evidence, that at the time said deposition was taken, the death of *Elizabeth Mitchell*, the first administratrix of *James D. Mitchell*, was not suggested on the record; and further gave in evidence, that *William L. Brent*, the attorney, upon whom the notice of the commission was served, resided in *Washington city*, thirty miles distant from the place where the said deposition was taken. The defendant then gave in evidence, that *Frederick D. Stone*, who served the notice on said *Brent*, returned on horseback, and in time to be present at the time said deposition was taken. And the plaintiff further gave in evidence, that the said plaintiff resided in the city of *Baltimore*, in *Maryland*, at the time said notice was given; and further gave in evidence, that the present defendant *Henry S. Mitchell* did not appear to the present cause until August court 1842.

The defendant then read in evidence the following rule of court, made in pursuance of the Act of Assembly passed at December session 1828: "In pursuance of the directions of the act of the General Assembly of the State of *Maryland*, passed at the December session 1828, ch. 165, we, the judges of the county court for the county of *Charles*, do hereby appoint *James*

*Brawner, senior, John Hughes* and *George D. Parnham,* commissioners to take the depositions of witnesses in the cases therein provided, and that in all cases when they act as such, they shall first serve, or cause to be served on the party against whom such deposition or depositions are intended to be used, or his attorney, a written notice containing the name of the person or persons whose deposition or depositions are intended to be taken, and the time and place, when and where it is to be taken, at least eight days before said day, exclusive of the day of issuing and serving such notice, and also in all cases when a real cause exists, the parties or party interested upon making it appear to the satisfaction of the commissioner or commissioners, that his witness is very old, sick, or about to leave the country, it shall or may be discretionary to take the deposition or depositions of such witness, on giving such notice less than eight days as they may think reasonable, all circumstances considered, so that the party interested, his guardian, agent, trustee or attorney, may have a convenient time to attend; and if such party and his attorney, &c., cannot be found, then by leaving said notice at his last place of abode, a copy of which, certified by the commissioner or commissioners, and attested to be served as herein provided, shall be returned by the said commissioner or commissioners, as the case may be, to the clerk of the county court, with the deposition or depositions so taken; and the court do allow the said commissioners the sum of four dollars to each commissioner for each day they may act as such.                    J. STEPHEN,
*November 17th,* 1829.                    EDMUND KEY,
                    J. R. PLATER.

The plaintiff then objected to the reading of said deposition in evidence to the jury, because said deposition had not been taken in pursuance of said Act of Assembly and supplement thereto, because the said *Henry S. Mitchell,* the administrator *de bonis non,* was not a party to the record, which objection the court (C. DORSEY, A. J.) sustained; to which opinion of the court the defendant excepted.

The defendant appealed.

The cause was argued before STEPHEN, ARCHER, DORSEY and CHAMBERS, J.

By T. F. BOWIE for the appellant, and
By R. J. BRENT for the appellee.

STEPHEN, J., delivered the opinion of this court.

Two exceptions were taken to the opinion of the court below in this case, both of which relate to questions of evidence. In the first exception, the witness produced to give evidence for the plaintiff being incompetent, by reason of interest, certain paper writings or documentary proofs were offered in evidence, for the purpose of restoring his competency, which being held by the court sufficient for that purpose, the defendant excepted. Much of the argument urged by the appellant's counsel is rendered unavailing by certain admissions and facts stated in the bill of exceptions and the operation of law upon those facts and admissions. In 2 *Tidd's Practice*, 913, the following principle of law is stated in relation to the legal effect and conclusiveness of a bill of exceptions: "when the bill of exceptions is sealed, the truth of the facts contained in it, can never afterwards be disputed; for this principle, *Show. P. C.* 120, is referred to. The ground upon which the witness produced by the plaintiff was contended to be incompetent, being his liability for any *devastavit* of the plaintiff, as her surety in the administration of her husband's estate, one of the proofs produced to obviate that objection, was a release executed by *Joseph T. Mitchell*, who is stated in the bill of exceptions to be the sole heir at law of his father *Joseph T. Mitchell*, and who is expressly admitted in said bill of exceptions to have been of full age at the time it was executed; a certified copy of said release was also produced, authenticated by the signature and seal of the Register of Wills for *Kent* county. This release contained an express acknowledgment that he had received his full share of his father's estate, and released the administratrix and her sureties from all responsibility therefor. This release was moreover executed after a lapse of eight years

from the time letters of administration were granted, and was acknowledged before a justice of the peace of *Kent* county, according to law, and was on the same day duly admitted to record. The administration bond, which was given in evidence by the defendant, to shew the incompetency of the plaintiff's witness, fully evinces that letters of administration were obtained from the orphans court of *Kent* county; and, consequently, proves that the acknowledgement was legally made, before a person competent to take it. There is nothing, therefore, in the objection raised by the counsel for the appellant, that it did not appear that the acknowledgment was made before a justice of the peace in the county where the letters were obtained, and that therefore the release was not legally recorded, so as to make a copy of it admissible in evidence. In 2 *Harr. & Gill's Rep.* 57, this court, when speaking upon a similar subject, say: "they were recorded in the office of the Register of Wills of *Prince George's* county, where *George Briscoe* died, and where, of course, letters of administration were taken out on his estate, having been previously acknowledged before the said Register. So in 6 *Harr. & John. Rep.* 234, this court say, "where an instrument of writing is required by law to be recorded, the enrolment of it is evidence of all circumstances necessary to give it validity. But this evidence is not conclusive, it is only *prima facie,* and like all *prima facie* evidence, may be rebutted." The condition of the administration bond given in evidence by the defendant, speaks of *Ann Mitchell,* as the administratrix of *Joseph T. Mitchell,* late of *Kent* county, deceased; and where of course, as this court say in 2 *Harr. & Gill,* 57, letters of administration were taken on his estate. No sufficient proof was adduced in the court below to impeach the release or to impair its validity: the written assignment made of the *choses in action* in August 1841, was not sufficient to invalidate it upon the ground of fraud, as they might have been transferred by parol when the release was executed; and the written assignment subsequently made, might have been intended, as more authentic and better evidence of that fact. As further proof of the competency of the witness to testify

in the cause, the plaintiff offered in evidence a copy of her administration account, which is stated in the bill of exceptions to have been passed by the court on the 12th of May 1832, and is certified by the Register to be a true copy, taken from the records of his office, and is authenticated by the seal of his office annexed.   The admissibility of this account was objected to upon the ground that the Register had no authority by law to record it, and that therefore a copy was not evidence. We think that such an objection was entirely groundless and untenable; that the Register was not only authorised, but bound by law to record it, for the purpose of shewing to creditors and others interested in the estate, how and in what manner the assets had been administered.   By the act of 1798, ch. 101, sub-ch. 15, sec. 9, it is enacted that, "the Register of Wills in each county already, or hereafter to be appointed, agreeably to the Constitution, shall diligently attend each meeting of the orphans court in his county, and under their direction, make full and fair entries of their proceedings;" among which proceedings are manifestly intended to be embraced, all administration accounts passed and settled under the sanction of such courts.   This account, in which a number of creditors appear to have been paid, was passed by the orphans court, after notice had been given agreeably to the order of said court for creditors to exhibit their claims for payment, in the year 1832, more than ten years prior to the trial of this case in the court below, and considerably more than twelve months after the said notice had been published according to said order.   After such a lapse of time, it was we think fair to presume, that there were no outstanding claims of creditors to be satisfied, when this case was tried in the court below, and that the witness was not on that account incompetent to testify.   The administration bond offered in evidence by the defendant, bearing date on the 30th day of November, in the year 1830, and the cause was tried in *Charles* county court at the August term 1842, a period of nearly twelve years had therefore elapsed from the date of the letters, before the trial in this cause took place.   In the absence, therefore, of any proof of indebtedness, it is, we think, fair to

infer, that they were all satisfied and discharged at the time the surety in the bond was offered as a witness. In 5 *Gill & John. Rep.* 344, this court say: "it appears then, that a period of about eleven years had expired, from the time letters of administration were taken out upon his estate, before the mortgage was executed;" and this court have said in the case of *Allender and Riston,* 2 *Gill & John.* 86, "in the case now before this court, it no where appears that there were any debts remaining due and unpaid at the time of the mortgage, or if there were, that the defendants knew of them;" and to use the language of *Mr. Justice Ashhurst,* in 4 *Term Rep.* 645, "if the creditors will lie by, and not assert their rights, it is reasonable for a third person to suppose that all the debts are satisfied." Under this view of the case, we think that the opinion of the court below in the first bill of exceptions was correct, and that all objection to the competency of the witness was sufficiently removed.

We think, also, that there was no error in the opinion of the court below in the second exception. The defendant in the suit was dead, and no new party had been made when the notice was given and the deposition was taken by the commissioner. The act of 1828, ch. 165, under which the deposition was taken, manifestly contemplates a case where both plaintiff and defendant are in existence, and actually parties to the litigation upon the record at the time the notice is given by the commissioner, and the deposition is taken in pursuance thereof. The language of the 2nd section of the act is, "that either party, in any action depending in the said courts, after due notice to the other party or his attorney, agreeably to such rule as shall be made by said courts respectively, may take the deposition of any witness before any one of the said commissioners, to be used as testimony on the trial of such action." The defendant in this case being dead, and no new party having been made, the deposition was taken without legal warrant or authority, according to the provisions of this act, and was, therefore, properly rejected by the court. We wish it to be understood, that in deciding the question as to the admissibilty

of the deposition offered in evidence in this case, we have been governed exclusively by what we deem the true construction of the Act of Assembly under which it was taken; and we do not wish to be understood as giving any sanction to the rule of court upon that subject, adverted to in the course of the argument, and which rule we think confers a power upon the commissioners, which was intended by the legislature to be exclusively exercised by the courts, or the judges thereof. It is true, that Acts of Assembly made relative to the administration of justice, are to be liberally construed for the attainment of that important object, but it is the province of courts of justice to expound laws, and not to legislate; that is a duty which belongs to a different department of the government. We think that there is no error in the judgment of the court below, and that the same ought to be affirmed.

JUDGMENT AFFIRMED.